UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES,<br>    Prosecution<br><br>v.<br><br>BENJAMIN GREEN, III,<br>    Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:    CASE NO. 3:12-cr-193 (VLB)<br><br>NOVEMBER 27, 2013 |

## MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTIONS TO DISMISS FOR WANT OF JURISDICTION [Dkt. 116 & Dkt. 145]

Before the Court are two Motions to Dismiss for Want of Jurisdiction filed by the Defendant [Dkt. 116; Dkt. 145]. The Court denied these motions from the bench on November 7, 2013; this opinion provides the Court's reasoning in denying those motions. Defendant's most recent Motion to Dismiss is styled as a "counter-claim" against the United States and the Internal Revenue Service. Although counter-claims are not allowed in criminal cases, upon review of the filing it is clear that the "counter-claim" is essentially yet another motion to dismiss, and this Court will treat it as such. For the following reasons, the Defendant's latest motions to dismiss are DENIED.

## Background

On September 6, 2012, the Grand Jury returned a two count indictment charging the defendant, Benjamin Green, III, with filing a false tax return in violation of 18 U.S.C. § 287 (Count One), and undertaking a course of conduct to inhibit the Internal Revenue Service's (the "IRS") efforts to recover money that was erroneously refunded, in violation of 26 U.S.C. § 7212(a) (Count Two). [Dkt. 1.] The indictment charges that the Defendant filed a fraudulent IRS Form 1040

1

for tax year 2008, containing several false statements, that was designed to obtain a large tax refund from the U.S. Treasury. [Dkt. 1, ¶¶ 3-4.] The Indictment alleges that as a result of this allegedly fraudulent filing, the Defendant received a refund of $616,434 from the IRS. [Dkt. 1, ¶¶ 4(5).] The indictment further alleges that when the Government attempted to recover the erroneously-issued tax refund, the Defendant sought to impede and obstruct IRS collection efforts by 1) sending frivolous correspondence to the IRS, 2) transferring certain of his real property to a nominee entity, "Son of My Right Hand," and 3) falsely claiming that the IRS had commenced an unauthorized collection and enforcement action. [Dkt. 1, ¶ 8.]

On November 12, 2013, the Jury returned a verdict of "Guilty" on both counts.

## I. Defendant's Sixth Motion to Dismiss [Dkt. 116]

### A. Defendant's Enumerated Arguments for Dismissal

Defendant filed a Motion to Dismiss on October 11, 2013, in which he seeks the dismissal of the case against him, or in the alternative, an evidentiary hearing "to determine if in fact defendants [sic] claim of immunity from these frivolous, scandalous, impertinent false charges are accurate in light of the exculpatory nature of the affirmative defense." [Dkt. 116, p. 4.] This is the *pro se* Defendant's sixth motion to dismiss. [*See* Dkt. 3; Dkt. 25; Dkt. 38; Dkt. 39; Dkt. 70.]

Defendant asserts seven arguments in support of his motion to dismiss: "[1] Lack of Ratification of Commencement Rule 17a; [2] Lack of Subject Matter Jurisdiction; [3] Improper Service (Due Process); [4] Want of Jurisdiction; [5]

Want of Prosecution; [6] Fraud upon the Court; [7] Due Process Clause violations".

## 1.  "Lack of Ratification of Commencement Rule 17a"

Defendant appears to be arguing that the Government has failed to comply with Federal Rule of Civil Procedure 17a.  However, this rule is not applicable to <u>criminal</u> prosecutions, which are governed by the Federal Rules of Criminal Procedure as well as the local rules of this Court, and this argument is thus denied.

Additionally, the indictment filed against Defendant in this case satisfies the legal requirements for indictments, and is therefore sufficient to commence this action.  As explained by the Second Circuit Court of Appeals:

> "It is well settled that 'an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.' *Hamling v. United States*, 418 U.S. 87, 117, 41 L. Ed. 2d 590, 94 S. Ct. 2887 (1974). We have explained that an indictment must 'charge[] a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events.' *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992). Nevertheless, "an indictment need do little more than to track the language of the statute charged and

state the time and place (in approximate terms) of the alleged crime." *Id.* (internal quotation marks omitted)."

*United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998).

Here the indictment, Docket 1, tracks the language of the statutes under which Defendant is charged, and also provides sufficient factual detail, and therefore satisfies the requirements as described by the Second Circuit.

### 2. "Lack of Subject Matter Jurisdiction"

Defendant appears to be arguing that this Court lacks subject-matter jurisdiction over this prosecution. Defendant is incorrect: "The district courts of the United States 'have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.'" *United States v. Drachenburg*, 623 F.3d 122, 124 (2d Cir. 2010) (quoting 18 U.S.C. § 3231).

### 3. "Improper Service (Due Process)"

Defendant argues that he was improperly served in this case, as there was no jurisdiction. As with Defendant's argument regarding ratification of commencement, the requirement of proper "service" Defendant appears to cite is applicable to civil cases, and not to a criminal case. As Defendant asserts, this criminal case was commenced in accordance with the Federal Rules of Criminal Procedure.

### 4. "Want of Jurisdiction"

This argument appears duplicative of argument [2], and thus the Court denies it for the same reasons explained above in Part I.A.2.

### 5. "Want of Prosecution"

**Defendant asserts that the case should be dismissed under Federal Rule of Criminal Procedure 48 for want of prosecution. Federal Rule of Criminal Procedure 48 provides that: "The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Crim. P. 48(b). The Defendant does not cite to any evidence to support his assertion that this case suffers from any want of prosecution. As the Government points out, Docket 133, p. 10, the Government is prosecuting this case with vigor. Defendant also asserts in this section that the Government has failed to provide him with any exculpatory evidence. [Dkt. 116-1, p. 8.] The Government asserts that it has provided the Defendant with all material to which he is legally entitled, and that they do not possess exculpatory material. Docket 133, p. 10; Docket 122, p. 4. Therefore, as discussed in further detail below in Part II, the Court will not require the Government to produce further materials at this time.**

### 6. "Fraud Upon the Court"

Defendant asserts that the Government is committing "fraud upon the court" by prosecuting its case without first establishing that jurisdiction exists. [Dkt. 116-1, p. 9.] As the Court has described above, this Court has jurisdiction over this case, and Defendant's argument is thus denied.

### 7. "Due Process Clause Violations"

Defendant asserts that his right to due process of law has been violated because the Government has not shown that there is no "Real Party in Interest."

5

[Dkt. 116-1, p. 9.] The Defendant appears to be arguing that the Government has not been harmed by the Defendant's alleged actions. However, the Government's case alleges that Defendant committed fraudulent acts that led the United States Treasury to make an erroneous payment of more than six hundred thousand dollars to the Defendant. To date, Defendant has not paid any of this money back. [Dkt. 133, p. 7.] Defendant's argument that the United States has not been harmed by his alleged actions is meritless. If Defendant is arguing that the United States has not proven some element of the charges against him, that argument is premature at this point in the case, and is not ripe until trial. The Court therefore declines to consider this argument at this point.

B. Defendant's Other Arguments

Defendant's Motion to Dismiss also contains a few other arguments and demands that, although not specifically enumerated as supporting the Motion to Dismiss, the Court will address here.

1. Request for Stand-By Counsel with Tax Expertise

Defendant appears to be asking the Court to appoint stand-by counsel with expertise in the tax code. As this Court has already made clear, this case does not require the interpretation of complex tax laws. Instead, it turns on largely factual matters and therefore an attorney need not be an expert in tax law to competently defend against these charges. Defendant's standby counsel, Sarah Merriam, is a member of the State Bar of Connecticut, and has been admitted to practice before this Court since December 2003. The Court declines to appoint Defendant new standby counsel.

**2.  Request for Jury With Tax Expertise**

Defendant demands that the Court provide him with a jury of his peers made up of "*People with competent knowledge of the Public Policy*."  [Dkt. 116, p. 4.]  However, the law does not entitle defendants to a jury made up solely of people that are experts in the subject-matter of their case, and this Court will not entertain this request.

**3.  Lack of Jurisdiction Over Mr. Green**

Defendant argues that the Indictment "fails to provide this court with jurisdiction of the . . . person due to defendant's affirmative defense of immunity from all restraint by every government department or agency respecting said complaints, . . ."  [Dkt. 116, p. 1.]  Defendant fails to provide any authority by which he is immune from prosecution in this case.  This Court does in fact have jurisdiction over Defendant, Defendant has not established the merits of this claim.

Although a criminal defendant may challenge subject matter jurisdiction at any time, *see* Fed. R. Crim. P. 12(b)(3), it is clear that this Court has personal jurisdiction over the Defendant.  *See United States v. Williams*, 341 U.S. 58, 65-66 (1951) (finding that the federal district court had jurisdiction over both the subject matter of a criminal case and over "the persons charged" because Congress explicitly gave the court jurisdiction over "offenses against the laws of the United States" in 18 U.S.C. § 3231).   Here Defendant is charged with violation of a federal law, and there is no question that this Court therefore has been given personal jurisdiction over the Defendant.

**4. Lack of Admissible Evidence**

Defendant asserts that the Government lacks "admissible evidence other than hearsay and or suppositions with Prejudice [sic]." [Dkt. 116, p. 1.] Defendant fails to point to any particular evidence in support of this. To the extent that Defendant is asserting that <u>all</u> of the Government's evidence is somehow inadmissible, that is patently incorrect, and the Court has already ruled several pieces of the Government's evidence are admissible. [*See* Dkt. 131; Dkt. 136.] Indeed, the vast majority of the Government's evidence consists of either public records or business records that have been certified as required to be admissible as exceptions to the hearsay rule pursuant to Federal Rule of Evidence 803(6) and 902(11).

**5. Request for Declaratory Judgment**

Defendant also asks the Court to grant Defendant a declaratory judgment stating that Defendant "is not to be further harassed, restrained or bothered by any agent of the UNITED STATES OF AMERICA respecting the charges herein unless probable cause that an intentional injury has resulted from Green's act and there is an injured party ready and willing to seek remedy for same." [Dkt. 116, p. 5.] The Court declines to grant Defendant's request for a declaratory judgment. This is a criminal prosecution. If Defendant desires a declaratory judgment, he may file a civil action and the United States is the injured party.

**II. Defendant's Seventh Motion to Dismiss [Dkt. 145]**

As an initial matter, the Court notes that Defendant's Seventh Motion to Dismiss, Docket 145, is styled as a counter-claim, and titled "Common Law

Counter Claim: Failure to State a Jurisdictional Claim Upon Which Relief May Be Granted; Want of Jurisdiction In Personam." As the Court has explained to Defendant, "counter-claims" are not contemplated in criminal actions. However, after reviewing Defendant's filing, the Court finds it to be in essence another Motion to Dismiss, and thus treats it as such.

### A. Arguments Raised in Seventh Motion to Dismiss

Defendant appears to argue that there is a legal difference between himself and the person charged in the indictment. Defendant asserts that the person named in the caption of the indictment in all capital letters, "BENJAMIN GREEN, III", Docket 1, is a separate legal entity, and that as a result the Court lacks jurisdiction over him. The Court recognizes that Defendant may not be familiar with the formatting of filings in the federal courts. It is standard, at least in this Court, for legal filings to identify parties' names in the case caption using all capital letters. This is the standard formatting for filings, and does not create a separate legal identity for the parties named. As explained above in Part I.B.3, the Court has personal jurisdiction over the Defendant, regardless of the font used to write his name. Defendant also denies that he is "BENJAMIN GREEN, 3rd" or "Benjamin Green, 3rd," drawing a distinction between using "3rd" instead of "III" as the generational suffix for his name. [Dkt. 145, p. 3.] The Court rejects this argument for the same reason the Court rejects Defendant's argument regarding the font in which is name is written. The manner in which Defendant's generational suffix is written does not affect the Court's jurisdiction over Defendant.

**Defendant also appears to be raising again the argument that he is a sovereign entity immune to prosecution. [*See* Dkt. 145, pp. 3-4.] As the Court describes above in Part I.B.3, this argument is without merit and must be denied.**

**Defendant also appears to be arguing that he is being treated as a "rebel" or "belligerent", and that he is neither. [*See, e.g.*, Dkt. 145, pp. 2, 4-5.] Defendant also asserts that his right of due process has been violated. [*See, e.g.*, Dkt. 145, 10-11.] However, Defendant does not state in what way due process has been violated. If Defendant is asserting that this case should have been brought as a civil action rather than as a criminal prosecution, Defendant has not established the merits of his argument. The United States Attorney has discretion over when and how to bring cases, both criminal and civil, and the Government's choice to file a criminal prosecution in this case is not a due process violation.**

III. <u>Conclusion</u>

For the above-mentioned reasons, Defendant's Motions to Dismiss [Dkts. 116 & 145] are DENIED.

IT IS SO ORDERED.

                                                                        /s/
                                                Hon. Vanessa L. Bryant
                                                United States District Judge

Dated at Hartford, Connecticut: November 27, 2013