UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES,<br>    Prosecution<br><br>v.<br><br>BENJAMIN GREEN, III,<br>    Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     CASE NO. 3:12-cr-193 (VLB)<br><br>DECEMBER 2, 2013 |

### MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION FOR SUBSTITUTE COUNSEL AND FOR ATTORNEY SARAH MERRIAM TO WITHDRAW [DKT. 167] AND DENYING DEFENDANT'S MOTION TO DISMISS FOR INEFFECTIVE ASSISTANCE OF COUNSEL [DKT. 169]

Before the Court is a motion for substitute counsel and for Attorney Sarah Merriam to withdraw as counsel in this case, filed by Attorney Merriam on Defendant's behalf. [Dkt. 167.] Defendant has also filed a motion to dismiss for ineffective assistance of counsel. [Dkt. 169.] The Court has appointed competent standby counsel. Attorney Merriam has also filed a supplemental memorandum in support of her motion to withdraw, [Dkt. 171], in which Attorney Merriam notes that Defendant apparently refused to accept copies of filings she sent to him via certified mail and that Attorney Merriam was allowed to withdraw in Mr. Green's pending appeal with the Second Circuit.

### Motion for Substitute Counsel

To the extent that Mr. Green continues to assert that he needs standby counsel with tax experience, the Court has already ruled on this issue. To reiterate, the issues in this case were factual, namely whether Mr. Green made false statements in filings with the Internal Revenue Service, filed a false tax return and thereafter made false and misleading statements and undertook

1

deceptive practices to evade the Government's ability to recover an erroneous refund. The issues do not therefore require the services of a tax attorney, and indigent defendants with court-appointed attorneys have no right to counsel of their choosing. See *Caplin & Drysdale v. United States,* 491 U.S. 617, 624 (1989) ("The [Sixth Amendment] guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts."); *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) ("[A]n indigent defendant has no right to choose the particular counsel appointed to represent her.").

Attorney Merriam also states that Defendant has accused her of having a conflict of interest, [Dkt. 167 at 2-3]; however, neither Defendant nor Attorney Merriam has provided any facts to support such a claim. Merely complaining about one's counsel does not create a conflict; nor has Defendant offered any evidence to support an allegation that there is a conflict. *Cf. United States v. Moree,* 220 F.2d 65, 69, 71 (2d Cir. 2000) (noting that where defendant asserts a conflict between his interests and those of his attorney defendant must establish that an actual conflict of interest existed and that the Second Circuit has "declined to adopt a broad rule that would give a defendant the unilateral power to establish a 'conflict of interest' simply by expressing dissatisfaction with his attorney's performance.") (citations and internal quotation omitted); *United States v. Contractor*, 926 F.2d 128, 134 (2d Cir. 1991) (rejecting defendant's argument on appeal that his counsel at sentencing had a conflict of interest, finding that

defendant "offered no details about this conflict, and more importantly, no evidence concerning how this 'conflict' adversely affected his lawyer's performance").  If Defendant's argument is that Attorney Merriam has a conflict of interest by virtue of being an employee of the federal government, the Court rejects such argument.  *See United States ex rel. Reid v. Richmond*, 277 F.2d 702, 703 (2d Cir. 1960) (rejecting defendant's argument that the Connecticut Public Defender system is unconstitutional and violative of due process because the public defender is appointed, and his salary and term of office is fixed, by the same judges that hear defendant's case).  Additionally, such argument ignores the fact that even if the Court appoints a private attorney as substitute counsel, that attorney's compensation would come from the federal government.  This is not grounds for substitution of counsel.  The Court, having appointed competent standby counsel, denies the request for the appointment of substitute counsel.

**Standby Counsel's Motion to Withdraw**

The motion to withdraw is also denied, for both the reasons discussed above and the following reasons.  This is not a case where there is a "total lack of communication preventing an adequate defense."  *United States v. Bliss*, 430 F.3d 640, 652 (2d Cir. 2005) (quoting *United States v. Simeonov*, 252 F.3d 238, 241 (2d Cir. 2001)).  The Court has observed Attorney Merriam advising Mr. Green and Mr. Green accepting and following her advice to the best of his ability.  Attorney Merriam represents and the Court has observed that she has "endeavored to assist Mr. Green in every possible way, to the best of [her] abilities."  [Dkt. 167 at 3.]  Disagreement with the advice given by counsel and unwarranted challenges

3

to counsel's experience are not grounds to allow Defendant to seek a new attorney at public expense. *Cf. McKee v. Harris*, 649 F.2d 927, 932 (2d Cir. 1981) (finding that defendant's "asserted reason for his loss of trust that counsel had prejudged him and provided a pessimistic forecast does not rise to the level of good cause for substitution of counsel"). "[A] defendant seeking substitution of assigned counsel must nevertheless afford the court with legitimate reasons for the lack of confidence." *McKee*, 649 F.2d at 932. Additionally, at this point the trial has already occurred, and any new counsel would have a large record to review in order to become familiar with the case, which would unnecessarily delay the proceedings and add significant expense to be borne by the public. Although the Second Circuit has granted Attorney Merriam's motion to withdraw as counsel in Defendant's interlocutory appeal from the Court's denial of one of his motions to dismiss for lack of jurisdiction, this Court finds that the unnecessary delay and expense of allowing Attorney Merriam to withdraw her services as standby counsel during the sentencing phase weighs in favor of denying the motion.

To the extent that there has been any breakdown in communication, it appears to be the Defendant's own fault. Defendant is, at his own repeated insistence, proceeding *pro se*, with his court-appointed counsel serving merely as standby counsel. Attorney Merriam's role as standby counsel is, as she points out, [Dkt. 167 at 2], and as the Court has advised the Defendant, limited to serving as a resource to Defendant, which she is competent to do. *Cf. United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997) (noting that "a standby counsel's duties

are considerably more limited than the obligations of retained or appointed counsel.") (citation omitted). Defendant is in the driver's seat here. The code of conduct for attorneys in Connecticut, the Connecticut Rules of Professional Conduct, provide that "[s]ubject to subsections (c) [allowing for limited scope of representation if the limit is reasonable and the client gives informed consent] and (d) [prohibiting lawyer from assisting client in criminal or fraudulent conduct], a lawyer shall abide by a client's decisions concerning the objectives of representation and, . . . shall consult with the client as to the means by which they are to be pursued." Conn. R. Prof'l Conduct 1.2(a). Defendant is entitled to have access to legal advice should he be astute enough to take advantage of it and has the right to reject that advice. The possibility or even the likelihood that he will not avail himself of counsel's expertise or will choose to disregard it is not a basis for the Court to deprive him of counsel, particularly given the potential imposition of a jail sentence.

## Motion to Dismiss for Ineffective Assistance of Counsel

Defendant's motion to dismiss for ineffective assistance of counsel argues that he was denied effective assistance of counsel because he was not appointed an attorney with experience winning a criminal tax case of the same type as his own. [Dkt. 169 at 1.] Defendant's motion to dismiss for ineffective assistance of counsel fails for three reasons. First, as the Court has described above, the issues in this case were factual, and Defendant does not require counsel with tax experience. Second, Defendant was, at his own repeated insistence, acting as his own attorney, and thus has waived the right to argue ineffective assistance of

counsel. As the Supreme Court stated "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). Nor is Defendant entitled to argue ineffective assistance of standby counsel, without any evidence that this was a trial in which the standby counsel "held that title in name only and, in fact, acted as the defendant's lawyer throughout the proceedings." *Schmidt,* 105 F.3d at 90. Third, assuming for the sake of argument that Defendant was not barred by his pro se status from arguing ineffective assistance of counsel, Defendant has failed to meet the standard for an ineffective assistance of counsel claim. In order to make such a claim, defendant must prove that counsel's representation "fell below an objective standard, measured by professional norms, of reasonableness" and that "the decision reached would reasonably likely have been different absent the errors." *Schmidt,* 105 F.3d at 90 (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Defendant has not articulated a single fact that begins to satisfy either prong of this standard. Defendant's motion to dismiss for ineffective assistance of counsel is thus denied.

For these reasons the motion for substitution of counsel and withdrawal of Attorney Merriam [Dkt. 167] is DENIED, and Defendant's motion to dismiss for ineffective assistance of counsel [Dkt. 169] is DENIED.

**Dated: <u>December 2, 2013</u>         _____/s/_____**

**THE HONORABLE VANESSA L. BRYANT**
**UNITED STATES DISTRICT COURT JUDGE**